Eugene BRAUNSTEIN

v.

Theodore J. DEVINE, Beatrice M. Devine, Burton E. Hawkins, and National Glass Company, Inc.

Civ. A. No. 54-1003.

United States District Court
D. Massachusetts.

Nov. 22, 1955.

William H. Edwards, Providence, R. I., Arthur Novogroski, Providence, R. I., of counsel, for plaintiff.

Hale & Dorr, Edmund Burke, Frederick G. Fisher, Jr., Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff brings this derivative action as a stockholder of defendant National Glass Company, Inc., on behalf of himself and other stockholders. The complaint names as defendants the corporation and its three directors, who are charged with having enriched themselves by various transactions at the expense of the corporation. Defendants move to dismiss for lack of jurisdiction.

The complaint sets up diversity of citizenship with the requisite amount in controversy, as the sole basis of jurisdiction. Defendant corporation is alleged to be a Rhode Island corporation, and plaintiff and the three individual defendants are all alleged to be citizens of Massachusetts. With Massachusetts citizens thus appearing as parties on both sides of the case, there is lacking the complete diversity which is required to give this court jurisdiction under 28 U.S.C.A. § 1332(a) (1). Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435.

Plaintiff contends that this court nevertheless has jurisdiction of the present action under the provisions of 28 U.S.C.A. § 1401, which provides: "Any civil action by a stockholder on behalf of his corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants." However, § 1401 is not a jurisdictional provision enlarging the diversity jurisdiction of this court in a special class of actions. It appears as part of Chapter 87 of Title 28, which is headed "District Courts; Venue" as one of a series of sections making special venue provisions for particular classes of cases in addition to the general venue provisions of § 1391. There is no basis for holding that it was intended to expand this court's diversity jurisdiction. Tucker v. New Orleans Laundries, Inc., 5 Cir., 188 F.2d 263; Lavin v. Lavin, 2 Cir., 182 F.2d 870.

Defendants' motion to dismiss is allowed and the action is dismissed.