**GENERAL SIGNAL CORP., Plaintiff,**

**v.**

**WESTERN ELECTRIC CO., INC., and Bell Telephone Laboratories, Inc., Defendant.**

**No. 73 C 315.**

United States District Court, N. D. Illinois, E. D.

Aug. 10, 1973.

Berton Scott Sheppard, Wolfe, Hubbard, Leydig, Voit & Osann, Ltd., Chicago, Ill., for plaintiff.

Roy E. Hofer, Hume, Clement, Brinks, Willian, Olds & Cook, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendants' alternative motions (1) to reconsider this Court's denial of their motion to transfer, pursuant to 28 U.S.C. § 1404(a), or (2) to dismiss defendant Bell Telephone Laboratories, Inc. (hereinafter referred to as "Bell") for lack of jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

The action is in two counts: Count I, arising under the patent laws of the United States, alleges that defendants [1] infringed plaintiff's patent for an "Apparatus Correcting Distortion in Wave-Signal Translating Channels". Count II, a pendent claim for unfair competition within the purview of 28 U.S.C. § 1338(b), charges that defendants converted and misappropriated technical information relating to plaintiff's patent. The gravamen of the complaint is that defendant Bell allegedly retained copies of plaintiff's technical materials without plaintiff's permission, used them in designing its own apparatus, and turned them over to defendant Western Electric Company, Inc. (hereinafter referred to as "Western") for the manufacture of Type 203 Data Sets, the devices accused as infringing plaintiff's patent.

The bases for this Court's previous denial of transfer were (1) that no authority transferring a patent infringement action away from the district of manufacture had been submitted and (2) that the Southern District of New York had an extremely congested docket, especially by comparison with that of this Court. In support of their motion for reconsideration, defendants have cited such authority and have indicated their willingness to have the cause transferred to the Eastern District of New York.

The statute governing change of venue is 28 U.S.C. § 1404, which provides in pertinent part as follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

At the outset, it is clear that the instant case could have been brought in the Eastern District of New York under the provisions of 28 U.S.C. § 1400(b):

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Since both defendents are incorporated in the State of New York, they are deemed to reside in that state. [See *Fourco Glass Company v. Transmirra Products Corporation*, 353 U.S. 222, 226, 77 S.Ct. 787, 790, 1 L.Ed.2d 786 (1957).] An examination of the relevant case authority reveals that the only potential venue problem with a defendant incorporated in the forum state occurs when the defendant has a place of business elsewhere in the state but not within the forum district. See *Hydro-Clear Corporation v. Aer-O-Flo Corporation*, 317 F. Supp. 1317 (N.D.Ohio 1970). That situation applies to neither of the instant defendants. Bell, having no facilities within the State of New York, can be sued in any district in that state; Western, selling the accused products from its established place of business in the Eastern District, is subject to suit in that district.

The Eastern District of New York appears to be just as convenient for the parties and witnesses as the Southern District of New York. Moreover, the latter court's docket is considerably more congested than that of either this Court or the Eastern District Court. Thus, since venue is proper in the Eastern District, the interest of justice would indicate that that is the appropri-

---

[1]. Defendant Bell has been dismissed from Count I for improper venue.

ate forum for this action if New York is more convenient than Illinois.

■ While the Court agrees with plaintiff that its choice of forum is entitled to considerable weight, Swanson v. Badger Mutual Insurance Co., 275 F. Supp. 544 (N.D.Ill.1967), it notes that convenience of parties and witnesses is given primary consideration in the statute [28 U.S.C. § 1404(a)]. Accordingly, the Court will consider plaintiff's choice as but one factor in the determination of convenience. See Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

■ With respect to the parties, the Eastern District of New York clearly is convenient for Western since its established distribution center for the accused product is in that district. Likewise, plaintiff would suffer no inconvenience by a transfer to that district since it resides therein. Even Bell, with no place of business in the state, would find New York more convenient than Chicago, for its principal offices are in Holmdel, New Jersey, a suburb of New York City.

Furthermore, an overwhelming majority of witnesses and documents to be produced are located in the Eastern District of New York or are within its subpoena power. Not only are the inventor of the patented apparatus and the designers of the accused device all in the New York City area, but almost all events and transactions pertinent to this litigation (including paperwork, correspondence, and meetings among the principals) took place in that area.

■ Indeed, the only conduct complained of which has taken place in the Northern District of Illinois is the actual manufacture of the accused apparatus. Although plaintiff maintains that a patent infringement action should not be transferred away from the district in which the accused item is manufactured, such a transfer has been effected when considerations of convenience and justice so require. Benrus Watch Company v. Bulova Watch Company, 126 F.Supp. 470 (D.R.I.1954).[2]

In the instant case, as already noted, New York appears to be a more convenient location for litigation than Chicago. With respect to plaintiff's objection that the accused product is manufactured in the Northern District of Illinois, defendants assert that not only the plans and designs but also the accused machines are available for inspection in New York since they are being sold from Western's facility there. Although there may be a few potential witnesses in the Chicago area, the inconvenience for them of a New York forum is far outweighed by the convenience of that forum for the many witnesses in the New York area. Furthermore, the interest of justice requires that the litigation be conducted in New York, where the parties clearly may litigate all their disputes arising from the subject transactions. Since Bell has been eliminated from the patent infringement count for failure of venue, retention of this action could give rise to unnecessary multiple litigation.[3]

For the foregoing reasons, the Court concludes that the cause should be transferred to the Eastern District of New York. Having made this determination, this Court need not consider the merits of defendant Bell's alternative motion to dismiss.

Accordingly, it is hereby ordered that for the convenience of the parties and

2. Plaintiff contends that the *Benrus* case is inapposite since there was another factory in the transferee district. However, this Court would point out that the accused products (watch cases) there were manufactured only in the transferor district; the factory in the transferee district merely put the working parts into the accused cases.

3. Defendant Bell has indicated that, if plaintiff fails to bring a patent infringement action against it in New York, Bell will bring action therefor a declaratory judgment of invalidity and non-infringement. This would result in the sacrifice of judicial economy, as well as inconvenience to witnesses having to testify in both courts on the issues of validity of the patent and infringement.

witnesses, in the interest of justice, this cause is transferred to the United States District Court for the Eastern District of New York, where it might have been brought.