Pat JACOBS, Plaintiff,

v.

**Thane LANCASTER, Matt Crawford and Dean Kunz, Defendants.**

No. CIV–80–1322–D.

United States District Court,
W. D. Oklahoma.

Aug. 27, 1981.

Josh J. Evans, Miami, Okl., for plaintiff.

William G. Paul, David L. Thomas, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action by Plaintiff to collect $25,000.00 allegedly owed Plaintiff by Defendants pursuant to a promissory note executed by Defendants as part payment for the purchase of a quarter horse. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy under 28 U.S.C. § 1332. Defendant Thane Lancaster (Lancaster) has filed a Motion to Transfer this action to the United States District Court for the District of Idaho. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto. Defendants Matt Crawford (Crawford) and Dean Kunz (Kunz) have filed herein a Motion to Dismiss Plaintiff's action pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, on the grounds that this Court lacks *in personam* jurisdiction over these Defendants. Said Motion is supported by a Brief and Plaintiff has filed a Brief in response thereto. The Parties herein have also submitted several affidavits in support of their contentions. The Court will consider the pending Motions seriatim.

### DEFENDANT LANCASTER'S MOTION TO TRANSFER

Examination of the various affidavits filed herein reveals that the following facts are undisputed:

Plaintiff called Dean Kunz in Rexburg, Idaho, and offered to sell the stallion in question, "Miller San." Some documents concerning said sale were prepared by Jerry Venable in Beaver, Oklahoma, but said documents were rejected by Defendants. Actual possession of Miller San was transferred in Fort Collins, Colorado, on September 18, 1979. Defendants' attorney, Harry DeHaan, prepared the final contract documents in Twin Falls, Idaho. Defendants signed said documents in Idaho. A $25,000.00 down payment for Miller San was remitted to Plaintiff from Idaho First National Bank in Rexburg, Idaho. The contract for the sale of Miller San states that it was entered into in Twin Falls, Idaho, and the promissory note and mortgage in question state that both were filed in the County of Twin Falls, Idaho. Defendants state in their Briefs that their only witness other than the parties would be Harry DeHaan of Twin Falls, Idaho.

The foregoing, allegations are undisputed among the parties involved herein. In determining a motion to transfer the Court can accept as true the allegations of the parties which do not directly conflict. *See Bussey v. Safeway Stores, Inc.*, 437 F.Supp. 41 (E.D.Okl.1977).

The transfer of pending civil cases from one district to another is governed by 28 U.S.C. § 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Under § 1404(a) this Court must determine if the instant action could have been brought in the District of Idaho. In this connection, venue is governed by 28 U.S.C. § 1391 which reads in part:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

Under the undisputed facts set out above the claim involved herein arose in Idaho. Plaintiff contacted Defendant Dean Kunz initially in Idaho. The final contract documents were prepared in Idaho and the executed contract states that it was entered into in Idaho. The promissory note and

mortgage involved herein are filed of record in Idaho. Finally two of the Defendants, Thane Lancaster and Dean Kunz, reside in Idaho while the remaining Defendant, Matt Crawford, resides in Montana. The only contact Oklahoma has with this transaction is that the horse, Miller San, started out in Oklahoma and Plaintiff resides in Oklahoma. As the contract and promissory note involved in this action were entered into in Idaho and Plaintiff's claim arose in Idaho, the Court determines that the instant action might have been brought in the District of Idaho.

The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

A transfer under § 1404(a) lies within the discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662 (Tenth Cir. 1972); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300 (Tenth Cir. 1971), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (Tenth Cir. 1967); *Houston Fearless Corp. v. Teter*, 318 F.2d 822 (Tenth Cir. 1963). The burden of establishing that a case should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., supra; Texas Gulf Sulphur Co. v. Ritter, supra; Houston Fearless Corp. v. Teter, supra.*

The first factor under § 1404(a) that the Court must consider is the convenience of the parties. A large measure of deference is due the Plaintiff's freedom to select his forum and significant weight should be given such choice in considering the transfer of the case to another district. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22 (Third Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *A. Olinick & Sons v. Hempster Brothers, Inc.*, 365 F.2d 439 (Second Cir. 1966). However, this factor has reduced value where, as in this case, there is an absence of any significant contact by the forum state with the transactions or conduct underlying the cause of action. *See Chicago, Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299 (Seventh Cir. 1955), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *Foster v. Litton Industries, Inc.*, 431 F.Supp. 86 (S.D.N.Y.1977); *Bridgeman v. Bradshaw*, 405 F.Supp. 1004 (D.S.C.1975); *Adler v. Avis Rent-A-Car System, Inc.*, 391 F.Supp. 466 (E.D.Wis.1975); *Brindle v. Chesapeake & Ohio Railway Co.*, 357 F.Supp. 1116 (N.D.Ill.1973); *Lowry v. Chicago, Rock Island and Pacific Railroad Co.*, 293 F.Supp. 867 (W.D.Okl.1968); *Koeneke v. Greyhound Lines, Inc.*, 289 F.Supp. 487 (W.D.Okl.1968).

In the instant case Plaintiff is a resident of this District while two of the Defendants reside in Idaho and one Defendant resides in Montana. All Defendants agree that the more convenient forum would be the District of Idaho while Plaintiff obviously prefers Oklahoma. More importantly, however, Idaho has the most significant contacts with the transactions underlying the cause of action. Therefore, the Court concludes that the convenience of the parties favors the transfer of this case to the District of Idaho.

The second factor under § 1404(a) is the convenience of the witnesses. Neither party has submitted affidavits that show the number of prospective witnesses and the location of their witnesses. Defendants have, however, alleged that their main witness is Harry DeHaan of Twin Falls, Idaho. Furthermore, in view of the nature of this case and the fact that the relevant transactions took place in Idaho, it would appear reasonable that most of the witnesses in this action would reside in Idaho, or be parties to this action. Therefore, the Court

concludes that the convenience of witnesses favors transfer of this case to the District of Idaho.

The third standard under 28 U.S.C. § 1404(a) is the interest of justice. Under this standard, there should be considered the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *See Gulf Oil Corp. v. Gilbert, supra; Chicago, Rock Island and Pacific Railroad Co. v. Igoe, supra.* Furthermore, the place in which significant contacts between the parties occurred should be considered as the appropriate forum for trial. *Commercial Solvents Corp. v. Liberty Mutual Ins. Co.*, 371 F.Supp. 247 (S.D.N.Y. 1974).

In the instant case most, if not all, of the relevant transactions occurred in the District of Idaho. Idaho law could more than likely be controlling of the rights and liabilities of the parties in this case. Therefore, the Court concludes that the interest of justice favors the transfer of this case to the District of Idaho.

Based upon the foregoing consideration of the circumstances in this case and an application of the triple standard of 28 U.S.C. § 1404(a), i. e., the convenience of parties, convenience of witnesses, and the interest of justice, the Court finds and concludes that Defendant Lancaster has sufficiently established that the trial of this action would more conveniently proceed and the interest of justice would be better served in the District of Idaho. Accordingly, Defendant Lancaster's Motion to Transfer is granted and the Clerk of this Court is directed to effect the transfer of this case, including the pending Motion to Dismiss of Defendants Crawford and Kunz, to the United States District Court for the District of Idaho and do so without delay.