**ENVIRONMENTAL SERVICES, INC., an Illinois corporation, Plaintiff,**

v.

**BELL LUMBER AND POLE COMPANY, a Minnesota corporation, Defendant.**

**No. 84 C 6231.**

United States District Court, N.D. Illinois, E.D.

Nov. 26, 1984.

---

Daniel C. Meenan, Jr., David A. Axelrod, Feiwell, Galper, Lasky & Berger, Ltd., Chicago, Ill., for plaintiff.

Sheldon A. Zabel, Ann Rae Heitland, Schiff, Hardin & Waite, Chicago, Ill., Hugh V. Plunkett III, David L. Hashmall, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, Minn., for defendant.

## ORDER

BUA, District Judge.

Before the Court is defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the United States District Court for the District of Minnesota. For the reasons stated herein, defendant's motion to transfer is granted and its motion to dismiss is denied.

## I. FACTS

This is an action for fraud and misrepresentation in the execution of an agreement for certain waste disposal. The action was brought by Environmental Services, Inc. (ESI), which is an Illinois corporation with its principal place of business in Chicago. The defendant Bell Lumber and Pole Company (Bell) is a Minnesota corporation with its principal place of business in New Brighton, Minnesota. Venue is proper under 28 U.S.C. § 1391, and jurisdiction is proper under 28 U.S.C. § 1332.

Plaintiff's claim arises out of a contract entered into by itself and defendant whereby plaintiff would remove from Bell's property, treat and recycle approximately 20,-

000 cubic yards of debris and soil. The contract specified no place for its performance and plaintiff was to take title to and delivery of the material upon removal from Bell's premises in Minnesota. Plaintiff alleges certain oral representations by Bell regarding the nonhazardous nature of the waste. Plaintiff further alleges that Bell's misrepresentations prevented its performance under the contract and caused it to incur expenses and damages pursuant to its attempted performance in Illinois.

## II. DISCUSSION

28 U.S.C. § 1404(a) governs change of venue and provides in pertinent part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In order to meet the requirements of § 1404(a), the movant must establish "(1) that venue is proper in the transferor district; (2) that the transferor court has the power to transfer the case (that is, that the transferee court is in a district 'where it might have been brought'); and (3) that the transfer is for the 'convenience of the parties and witnesses in the interest of justice.'" *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1050 (N.D.Ill. 1982). Requirements (1) and (2) are met in this case. Venue is proper in this district because plaintiff resides in Illinois for venue purposes and this action could have been brought in the District of Minnesota, which has proper venue and jurisdiction because defendant resides there under 28 U.S.C. §§ 1332 and 1391.

■ The Court now turns to requirement (3). To support a motion to transfer, the movant must show a "clear balance of inconvenience" in this district over the transferee district. *Id.; see also SEC v. First National Finance Corp.*, 392 F.Supp. 239, 240 (N.D.Ill.1975). In determining whether the movant has met this burden, the Court must consider the factors specifically mentioned in § 1404(a) (convenience of the parties, convenience of the witnesses and the interests of justice in general) while also giving weight to plaintiff's choice of forum.

### 1. *Convenience of the Parties*

■ Although under the common law doctrine of forum non conveniens, plaintiff's choice of forum was an overriding factor entitled to considerable weight, the significance of that choice has diminished since the enactment of § 1404(a). *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955); *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. at 1050. Additionally, plaintiff's choice of forum has reduced value where the forum lacks any significant contact with the underlying cause of action. *Cunningham v. Cunningham*, 477 F.Supp. 632, 634 (N.D.Ill.1979). In such a case, it becomes just one of many factors to be viewed by the Court when making its determination of convenience. *General Signal Corp. v. Western Electric Co.*, 362 F.Supp. 878, 880 (N.D.Ill.1973).

■ In the present case, the question of where the conduct underlying this action occurred is disputed. Plaintiff contends that the defendant's misrepresentations caused the breach of contract and consequent damage in Illinois since that is where plaintiff's attempted performance failed due to the alleged misrepresentations. Defendant argues that any alleged misrepresentation made for the purpose of inducing ESI to enter into the contract must have been made during the contract negotiations, all of which took place in Minnesota. The Court agrees with the defendant that the plaintiff's claims of breach of contract and fraud rest on a question of contract formation and execution, which occurred for the most part during negotiations in Minnesota. For these reasons, Illinois is not conclusively where the cause of action arose and, therefore, plaintiff's choice of forum will be given equal consideration along with the other factors which must be considered under § 1404.

### 2. Convenience of the Parties and Witnesses

Although § 1404(a) specifically points to the convenience of both parties and witnesses, in the present case, only the latter factor need by analyzed by the Court. The facts presented by this motion indicate that the convenience of the parties is neutral in this case. Both plaintiff and defendant will be inconvenienced if this action is brought in the other parties' resident district and the financial strengths of the parties are equivalent.

■ In analyzing the convenience of witnesses, the Court must look to the expenses of transportation and the length of time the witnesses will be absent from their jobs. In addition, this Court must consider not only the number of potential witnesses located in the transferor and transferee districts, but also the nature and quality of their testimony in relationship to the issues of the case. *Midwest Precision Services v. PTM Industries,* 574 F.Supp. 657, 659 (N.D.Ill.1983). At this stage, three issues are raised by the pleadings. The first issue is whether the parties to the contract contemplated that the waste disposed of would be nonhazardous. The second issue is whether, if the parties contemplated nonhazardous waste, the waste delivered by Bell was hazardous. The third issue is whether the parties contemplated that the waste would be disposed of in Illinois and therefore judged by Illinois standards, as well as federal standards.

■ Probably the most significant factual issue in this case is whether the parties meant for the term "waste" in the agreement to include hazardous waste. Bell intends to call several of its employees who were involved in the contract negotiations. All of these employees are residents of Minnesota. In addition, Bell intends to call employees of Circuit Laboratories and Interpoll Laboratories, both of which companies are located in Minnesota. Finally, the affidavit of Bell's President, Merton Bell III, points to the importance of the testimony of James A. Kinsey, an employee of Waste Reduction, Inc. (ESI's authorized agent in Minnesota), who initiated the contract negotiations in Minnesota with Bell. Kinsey and the employees of Circuit Laboratories and Interpoll Laboratories are residents of Minnesota and would not be within the subpoena power of this Court.

ESI argues that trial in Minnesota would deprive that court of the testimony of numerous Illinois residents who observed the attempted performance of ESI's obligations under the contract in Illinois. ESI intends to call, among many others, Neil F. Hartigan, the Attorney General of Illinois, and two judges from the Cook County Circuit Court, all of whom were involved in the State of Illinois' successful attempt to prevent ESI's disposal of the waste in Illinois. ESI also intends to call various employees at various waste testing laboratories in Illinois in order to show that the waste is hazardous under Illinois standards.

If the issue in this case were whether Bell's waste is hazardous under Illinois standards, ESI's list of witnesses would at least equal, if not outweigh, Bell's list of witnesses. However, that is not the issue in the case. The issue is one of contract formation in relation to the three issues discussed above. Since the contract itself is silent as to the place of performance and the nature of the waste as a condition of performance, Bell's list of witnesses—who are Minnesota residents and who either participated in contract negotiations or in testing the material at the time of the contract's execution—prevails over ESI's list of Illinois witnesses.

The second issue of whether the waste delivered by Bell was hazardous points again to the testimony of witnesses in Minnesota. Plaintiff argues that this issue has already been determined in Illinois and therefore its list of Illinois witnesses should prevail. Plaintiff's argument is not persuasive since the contract mentions no place of performance and it seems unlikely that Bell should be held to Illinois hazardous waste standards unless such an understanding was reached during the contract negotiations. This finding also disposes of the third issue in Bell's favor. Further,

since the contract's formation took place in Minnesota, it is likely that Minnesota law would apply to questions of contract interpretation, as well as Minnesota hazardous waste standards at the time of delivery.

On balance, considering the nature and quality of the testimony of potential witnesses, the Court finds that when all potential issues raised by the complaint are considered, the convenience of the witnesses would best be served by the transfer of this case to the District of Minnesota.

### 3. *Interest of Justice*

The Court concludes that the final factor to be considered under § 1404(a) supports transfer to the District of Minnesota. Under Illinois conflict of law principles, Minnesota law will be applied to this action because Minnesota is the place of the contract's making. *P.S. & E., Inc. v. Selastomer Detroit, Inc.*, 470 F.2d 125, 127 (7th Cir.1972), citing *Oakes v. Chicago Fire Brick Co.*, 388 Ill. 474, 58 N.E.2d 460 (1944). The question of the place of performance remains open to question as a matter of contract interpretation since the contract was silent as to it. Therefore, ESI's attempted performance in Illinois does not necessarily mean that Illinois law will apply as the place of performance.

Additionally, the nature of the waste at the time of delivery may involve a question of Minnesota waste standards. These facts make transfer of the action appropriate. This is not because Minnesota law is uncertain, novel or complex, but merely because issues of local law are best construed by courts most familiar with them. *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. at 1052.

For the reasons stated above, the defendant's motion to dismiss is denied and its motion to transfer is granted.

IT IS SO ORDERED.