**Cheryl ROBINSON, Plaintiff,**

v.

**TOWN OF MADISON, Town of Madison Police Department, Wayne Romeis, as Chief of Police, and One or More John Does, Defendants.**

No. 90 C 5418.

United States District Court, N.D. Illinois, E.D.

Nov. 8, 1990.

Anne T. Sulton, Sulton Law Office, Madison, Wis., Kenneth S. Rosenblum, Chicago, Ill., for plaintiff.

Jeffrey A. Goldwater, Stephanie D. Stevens, Bollinger & Ruberry, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

In this one-count diversity action, plaintiff Cheryl Robinson sues the Town of Madison, Wisconsin ("Madison"), the Madison police department, Wayne Romeis, and unnamed Madison police officers (collectively "defendants") for defamation. The defendants move to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

## BACKGROUND

In deciding a motion to dismiss for lack of personal jurisdiction, the court accepts all undenied factual allegations and will resolve all factual disputes in favor of the party seeking to establish jurisdiction. *Saylor v. Dyniewski,* 836 F.2d 341, 343 (7th Cir.1988).

This dispute stems from a tragic house fire that killed Robinson's five young children. The fire occurred in Sommerset Circle, a low-income housing project in Madison, in the early morning hours of March 13, 1990. Complaint ¶¶ 9, 11. At the time, Robinson was living with her five children in a three-floor Sommerset town house. *Id.* at ¶ 5. All five children were sleeping in the upstairs bedrooms. *Id.* at ¶ 11. Robinson contends that she fell asleep in the living room and awoke to find the kitchen on fire. *Id.* She ran from the town house and called on neighbors to help rescue the children. *Id.* One neighbor called 911 and others notified the Madison fire and police departments. *Id.* at ¶ 12.

Several neighbors told police on the scene that they saw and heard at least one of the children yelling from a third-floor window. *Id.* at 13. These neighbors attempted to get into the house to rescue the children. *Id.* Police officers prevented any private citizens from entering the burning house. *Id.* All five deceased children were eventually removed from the town house. *Id.* at ¶ 14.

After fire officials arrived, but before the children were removed from the town house, Robinson went to her mother's town house in nearby Sommerset Circle. *Id.* at ¶ 15. Madison police officers located Robinson and questioned her about the fire and about her whereabouts when the fire broke

out. *Id.* Robinson explained that she was at home sleeping in the living room and that when she awoke she saw the flames and ran for help. *Id.* Later the same day, Robinson traveled to Chicago. *Id.* at ¶ 16. Her children were buried in Chicago. Robinson has lived in Chicago since the fire. *Id.*

Following the fire, Romeis, chief of the Madison police department, and other local officials told the media that Robinson was not home when the fire began. *Id.* at ¶ 17. Madison police officials also stated that they believed Robinson was at a local tavern when the fire broke out and that they planned to arrest her. *Id.* An inquest was held to determine what occurred on the night of the fire and to advise the local district attorney whether Robinson or any police or firefighters should be charged with a crime. *Id.* at ¶ 19. The inquest jury concluded that criminal charges should not be filed against Robinson or Madison police and fire officials. *Id.* For four months following the inquest, Madison police officials continued to state that Robinson was not home when the fire began. *Id.*

Robinson alleges that Madison police officials, including Romeis, defamed her by stating that she was not at home when the fire began and that they planned to arrest her. *Id.* at ¶¶ 20–23. Defendants move to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Defendants also move for imposition of Rule 11 sanctions. The court requested the parties to address whether this case should be transferred to the United States District Court for the Western District of Wisconsin.

## DISCUSSION

■ In this action, subject matter jurisdiction is based on diversity. A federal court sitting in Illinois has personal jurisdiction over a nonresident party only if an Illinois state court would have jurisdiction. Fed.R.Civ.P. 4(e); *Young v. Colgate–Palmolive Co.,* 790 F.2d 567, 569 (7th Cir. 1986). Accordingly, Illinois law governs the determination whether this court has personal jurisdiction over the defendants.

Robinson bears the burden on this issue. *Kutner v. DeMassa,* 96 Ill.App.3d 243, 51 Ill.Dec. 723, 421 N.E.2d 231 (1981).

■ Robinson first asserts that defendants have waived their jurisdictional argument by failing to file a special or limited appearance to contest the court's jurisdiction. This assertion is without merit. The Illinois cases cited by Robinson relate to Illinois procedural rules that are inapplicable to federal court proceedings. Under Fed.R.Civ.P. 12(h)(1),

> A defense of lack of jurisdiction over the person ... is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

Defendants properly filed their motion to dismiss under Rule 12(b)(2). They did not waive their objections to personal jurisdiction under 12(h)(1). Accordingly, defendants' motion to dismiss has not been waived.

Under the Illinois long-arm statute, an Illinois court has personal jurisdiction over a party committing any of fourteen enumerated acts, including a tortious act in Illinois. Amendment to Code of Civil Procedure, P.A. 86–840, sec. 1, § 2–209(a), 1989 Ill.Legis.Serv. 4069, 4070 (West) ("§ 2–209" or "the Illinois long-arm statute"). In addition, under § 2–209(c), personal jurisdiction is available as long as the exercise of jurisdiction comports with due process.

■ Due process is guaranteed in the exercise of personal jurisdiction by the application of the minimum contacts standard. In *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985), the Supreme Court concluded that the defendant need not physically enter the forum state. Minimum contacts are established when the defendant should reasonably foresee being haled into court in the forum state. *Id.* at 474, 105 S.Ct. at 2183, citing *World–Wide*

*Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). In *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958), the Court resolved that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Failure to meet the minimum contacts test precludes the court from exercising jurisdiction regardless of whether the plaintiff has met the Illinois long-arm statute requirements. *Wiles v. Morita Iron Works Co.,* 125 Ill.2d 144, 125 Ill.Dec. 812, 814–15, 530 N.E.2d 1382, 1384–85 (1988).

The existence of personal jurisdiction over defendants in this action is doubtful. Robinson argues that the Illinois long-arm statute applies because the tortious act of defamation occurred in Illinois. Robinson alleges that her injury was suffered in Illinois because the defamatory statements were circulated to the public in Illinois newspapers. Robinson further contends that forcing defendants to defend this action in Illinois would not be unconstitutional because they should have reasonably expected their statements to affect Robinson in Illinois.

Conversely, defendants persuasively argue that forcing Madison and its police department and officials to defend this suit in this court, based solely on their actions in Wisconsin, would offend traditional notions of fair play and substantial justice. Defendants assert that Robinson has not identified any acts by which defendants have purposely availed themselves of the benefits and privileges of Illinois law. Finally, defendants assert that their complete lack of connections with Illinois demonstrate that they could not reasonably have foreseen being haled into an Illinois court.

▮ This court need not decide the issue of personal jurisdiction. Due to the tenuous basis for personal jurisdiction over the defendants, this court requested the parties to address whether this case should be transferred to the United States District Court for the Western District of Wisconsin in their briefs on the motion to dismiss. *See* Minute Order, October 15, 1990. Transfer, rather than dismissal, is the proper remedy if the convenience of parties and witnesses and the interests of justice point to a more appropriate forum. *Van Gelder v. Taylor,* 621 F.Supp. 613, 618 (N.D.Ill. 1985).

▮ Defendants respond to the court's request by asserting that issues regarding transfer are not properly before the court since neither party filed a motion to transfer. However, § 1404(a) does not contain explicit language requiring that a transfer be ordered only upon a party's motion. A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation. *National Acceptance Co. of America v. Wechsler,* 489 F.Supp. 642, 649 n. 9 (N.D.Ill.1980); *Kearney & Trecker Corp. v. Cincinnati Milling Machine,* 254 F.Supp. 130, 134 (N.D.Ill. 1966); *In re Scott,* 709 F.2d 717, 721 n. 9 (D.C.Cir.1983); *Lead Industries, Inc. v. OSHA,* 610 F.2d 70, 79 n. 17 (2d Cir.1979). So long as the court affords the parties the opportunity to address issues relating to transfer, no unfairness results from the court's exercise of this authority. *Clopay Corp. v. Newell Companies, Inc.,* 527 F.Supp. 733, 738 (D.Del.1981). The court has provided both parties the opportunity to brief the transfer issue. Accordingly, the transfer issue is ripe for decision.[1]

▮ A case may be transferred if (1) venue is proper in the transferor district, (2) venue is proper in the transferee district, (3) the transfer is for the convenience of the parties and witnesses, and (4) is in the interest of justice. 28 U.S.C. § 1404(a); *Ratner v. Hecht,* 621 F.Supp. 378, 381 (N.D.Ill.1985). The threshold issue is whether venue is proper in the Wisconsin district court and in this court. *Id.* Robinson's claim is based on diversity. In diver-

---

**1.** The court's personal jurisdiction over the defendants is irrelevant to the question of transfer. A transferor court need not first determine its personal jurisdiction over the defendant. *Van Gelder,* 621 F.Supp. at 618.

sity cases, venue is proper in the district where all plaintiffs reside, where all defendants reside, or where the cause of action arose. 28 U.S.C. § 1391(a). Robinson is an Illinois resident. Defendants are all Wisconsin residents. Venue is proper in either forum. 28 U.S.C. § 1391(a), (c).

The court must next consider the convenience of the parties and non-party witnesses. 28 U.S.C. § 1404(a). This case arises from allegedly defamatory statements made in Wisconsin and reported in Illinois. Robinson contends that her financial situation would make it difficult to litigate the case in Wisconsin.[2] In addition, Robinson argues that transfer would detrimentally affect the availability of witnesses she desires to call. However, Robinson has not identified any non-party witnesses who would be unavailable or unwilling to testify in Wisconsin. All of the defendants and their likely witnesses are located in Wisconsin. Therefore, considerations of convenience to the parties and to non-party witnesses do not favor either side.

■ The plaintiff's choice of forum generally is given substantial weight when it is the district in which the plaintiff resides. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981); *Gallery House, Inc. v. Yi*, 587 F.Supp. 1036, 1040 (N.D.Ill.1984). However, if the chosen forum is not exclusively the place where the cause of action arose, the plaintiff's choice of forum is only given consideration equal to other factors, including the interests of justice. *Van Gelder*, 621 F.Supp. at 618–19. The cause of action in this case did not arise in Illinois. In fact, the cause of action arose exclusively from acts committed in Wisconsin. The allegedly defamatory statements were made in Wisconsin concerning events that took place entirely in Wisconsin. When none of the defendants' conduct complained of occurred in the forum selected by the plaintiff, the plaintiff's preference has minimal value. *Associated Mills, Inc. v. Rush–Hampton Industries, Inc.*, 588

F.Supp. 1164, 1165 (N.D.Ill.1984), quoting *Chicago, Rock Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.1955). Accordingly, Robinson's choice of forum is not conclusive.

■ In this case, the interests of justice favor transfer. The interests of justice focus on the efficient administration of the court system, as opposed to the private interests of the litigants. *Karrels v. Adolph Coors Co.*, 699 F.Supp. 172, 176 (N.D.Ill.1988). Sources of proof concerning the allegedly defamatory statements are more accessible in Wisconsin. *Harris Trust & Savings Bank v. SLT Warehouse*, 605 F.Supp. 225 (N.D.Ill.1985). All of defendants' actions Robinson complains of took place in Wisconsin. The inquest was conducted in Wisconsin and all the allegedly defamatory statements were made in Wisconsin.

Finally, the interests of justice favor adjudication of Robinson's claim in Wisconsin. *O'Brien v. Lake Geneva Sugar Shack, Inc.*, 585 F.Supp. 273, 274 (N.D.Ill.1984). This case involves the tragic death of five young children and allegedly defamatory statements made by Madison public officials implicating the bereaved mother. Due to lack of minimum contacts between Illinois and the defendants, it is doubtful that this court could maintain personal jurisdiction over the defendants. Accordingly, this case should be transferred to the Wisconsin district court that unquestionably has personal jurisdiction over the defendants. There, Robinson's claims may be litigated on the merits.

### CONCLUSION

This case is transferred to the United States District Court for the Western District of Wisconsin. Defendants' motions to dismiss and for sanctions are denied as moot.

---

**2.** The court notes that the attorney who filed the complaint and responded to the motion to dismiss is located in Madison, Wisconsin. Robin-son has also retained local counsel in Chicago, Illinois.