**SYMONS CORPORATION, Plaintiff,**

v.

**SOUTHERN FORMING AND SUPPLY, INC. and Denny Concrete, Inc., Defendants.**

**No. 96 C 6457.**

United States District Court, N.D. Illinois.

March 6, 1997.

Arthur Lee Klein, Eric Kevin Wein, Arnstein & Lehr, Chicago, IL, for Symons Corp.

Kendall Ray Meyer, Todd A. Rowden, Peter A. Sarasek, Wilson & McIlvaine, Chicago, IL, for Southern Forming and Supply, Inc., Denny Concrete, Inc.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Symons Corporations, an Illinois based corporation, brings this action against defendants, Southern Forming and Supply, Inc. ("Southern")and Denny Concrete, Inc. ("Denny"), Florida based corporations, alleging that defendants failed and/or refused to pay for goods rented and/or purchased pursuant to a distributorship agreement (The "Agreement") with plaintiff. According to the Agreement, defendant Denny Concrete Inc. d/b/a Southern Forming and Supply (later . incorporated as Southern Forming and Supply, Inc.) was appointed as plaintiff's exclusive distributor for certain counties in Georgia and Florida. Plaintiff alleges that when the agreement expired, missing consigned rental inventory, unpaid purchases, unpaid rentals, unreturned rentals and accrued late charges totaled $415,560.60. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiff is diverse from both defendants. Defendants have now moved, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the Middle District of Florida or the Northern District of Georgia. For the reasons set forth below, the motion to transfer is denied.

### DISCUSSION

■ Pursuant to § 1404(a), a court may transfer a civil action to another district when the moving party demonstrates that: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D.Ill.1995). The weight to be accorded to each of these factors is left to the sound discretion of the court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986). In the instant case, the first element is not in dispute. Therefore, this court's inquiry must focus on the second and third elements, i.e., whether transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice.

■ In evaluating the convenience and fairness of transfer under Section 1404(a), the court must consider both the private interests of the parties and the public interests of the court. *See Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Private interests include: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to resources of proof in each forum; and (4) convenience of the parties—specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F.Supp. 185, 188 (N.D.Ill.1995). Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *See Van Gelder v. Taylor*, 621 F.Supp. 613, 619 (N.D.Ill.1985).

■ The party seeking a Section 1404(a) transfer bears the burden of showing that the "transferee forum is clearly more convenient" than the transferor forum. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir.1989). Transfer is inappropriate if it "merely transforms an inconvenience for one party into an inconvenience for another party." *Sage Products, Inc. v. Devon Industries, Inc.*, 148 F.R.D. 213, 216 (N.D.Ill.1993).

### CONVENIENCE OF THE PARTIES AND WITNESSES

■ A plaintiff's choice of forum is entitled to substantial weight under Section 1404(a), particularly when it is also plaintiff's home forum. *Vandeveld*, 877 F.Supp. at 1167; *See Northwestern Corp. v. Gabriel Manufacturing Co. Inc.*, 1996 WL 73622 (N.D.Ill.1996). Thus, the fact that plaintiff has brought this action in the Northern District of Illinois, its home forum, weighs heavily against transfer.

Although defendants contend that their documents are located in Florida, plaintiff's documents concerning the transactions at issue are located in Illinois. Although there is some dispute between the parties concerning where defendants sent payments, it is apparent that many payments were sent by defendants to Illinois.

Next, the court must consider which forum better serves the convenience of the witnesses. This analysis requires an evaluation of several factors, including: (1) the number of witnesses located in each district; (2) the relative ease of access to sources of proof; and (3) the situs of material events. *See Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 621 F.Supp. 780, 782 (N.D.Ill. 1985); *Countryman v. Stein Roe & Farnham,* 681 F.Supp. 479, 483 (N.D.Ill.1987).

In the instant case, no forum is convenient for all witnesses. Defendants have failed to meet their burden of showing that Florida or Georgia is a more convenient forum because defendants have not identified their relevant witnesses, nor provided a general statement of testimony. Although defendants allege that their anticipated witnesses are located in Florida and Georgia, plaintiff's anticipated witnesses are located in the Northern District of Illinois. It would be just as inconvenient for plaintiff's witnesses to proceed out of state. Thus, defendants' anticipated witnesses from Florida would still have to travel to Georgia or Georgia witnesses would still have to travel to Florida if the case was transferred to either state.

Because defendants have failed to meet their burden, the court concludes that the convenience of the witnesses and parties would be better served by keeping the case in the Northern District of Illinois. Transfer would merely transform inconvenience for defendants' witnesses into inconvenience for plaintiff's witnesses.

### THE INTEREST OF JUSTICE

The "interests of justice" component of a Section 1404(a) analysis concerns the "efficient administration of the court system." *Coffey,* 796 F.2d at 221. Public interest factors that may warrant transfer include the court's familiarity with applicable law and the desirability of resolving controversies in their locale, the relation of the community to the occurrence at issue in the litigation, the congestion of the respective court dockets, and prospects for an earlier trial. *See Van*

*Gelder,* 621 F.Supp. at 619; *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Hughes v. Cargill, Inc.,* 1994 WL 142994 at * 2 (N.D.Ill.1994).

In the instant case, the overall interests of justice do not suggest that transfer to Florida or Georgia is appropriate. Defendants fail to indicate whether the case will proceed to trial at a quicker pace in Florida or Georgia rather than in this district. Defendants have not demonstrated that the interests of justice are served to any greater degree by transferring this action to Florida or Georgia and have failed to meet the burden of proving that Section 1404(a) considerations weigh heavily in favor of transfer. *See Peterson v. United States Steel Corp.,* 624 F.Supp. 44, 45 (N.D.Ill.1985). Accordingly, all other factors being equal[1], the court concludes that the interests of justice would be better served by denying the motion to transfer.

### CONCLUSION

For the reasons set forth above, defendants' motion to transfer this case, pursuant to 28 U.S.C. § 1404(a), is denied.

---

1. This court is unaware of the congestion of the docket of the Florida or Georgia court, but defendants have not suggested that it can get to trial

any faster in Florida and Georgia that it can before this court.