Phillip P. GEORGOUSES, derivatively on behalf of shareholders of NaTec Resources, Inc. and individually and as a representative of a class of minority shareholders of NaTec, Plaintiff,

v.

NATEC RESOURCES, INC., a Utah Corporation, CRSS, INC., a Delaware Corporation, Bruce W. Wilkinson, Timothy R. Dunne and John T. McCormack, Defendants.

No. 96 C 4923.

United States District Court,
N.D. Illinois,
Eastern Division.

May 20, 1997.

tried more conveniently in the federal district court in Houston, Texas, where all corporate defendants are located and where personal jurisdictional over all potential necessary and indispensable parties would exist. Accordingly, on April 7, 1997, this court entered an order requiring the parties to submit briefs on the issue of whether this case should be transferred pursuant to 28 U.S.C. § 1404(a). All parties have submitted such briefs: the plaintiff arguing that the case should not be transferred; and defendants arguing that the case should be dismissed, rather than transferred. For the reasons set forth below, the court rejects both parties' arguments and orders that the case be transferred to the Southern District of Texas.

## FACTS

Plaintiff is an Illinois resident who owns shares of defendant NaTec, a Utah corporation with its principal place of business in Houston, Texas. Plaintiff purports to represent 5,670 individual shareholders of NaTec, approximately 1,900 of whom reside in Illinois. Defendant CRSS is a Delaware corporation with its principal place of business in Houston, Texas, and which, during the relevant time period, owned approximately 52% of NaTec. Defendant Wilkinson was a shareholder, chairman of the board, chief executive officer, and chairman of the nominating committee of CRSS during the relevant time period. Wilkinson was also a director of NaTec. Defendant Dunne was a shareholder, vice president, general counsel, and secretary of CRSS and a director of NaTec. Defendant McCormack was a shareholder of NaTec, and president, CEO and a director of NaTec. Plaintiff alleges that the individual defendants and CRSS, exercising their majority power, moved NaTec from Illinois [1] to Texas and then, in 1995, proceeded to liquidate the company after receiving shareholder approval. The liquidation is alleged to have been a transaction between sister companies that left the minority share-

Francis Xavier Grossi, Jr., Bates, Meckler, Bulger & Tilson, Chicago, IL, for plaintiff.

John William Rotunno, Stephen J. O'Neil, Robert MacDonald Moye, Bell, Boyd & Lloyd, Chicago, IL, George M. Von Mehren, Squire, Sanders & Dempsey, Cleveland, OH, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Phillip P. Gourgouses, derivatively on behalf of the shareholders of NaTec Resources, Inc. ("NaTec") and individually and as a representative of a class of minority shareholders of NaTec, has brought a six count complaint against NaTec, CRSS, Inc., and Bruce W. Wilkinson, Timothy R. Dunne, and John T. McCormack. All defendants have moved to dismiss the complaint for failure to name indispensable parties, lack of personal jurisdiction over the individual defendants, and failure to state a claim. Those motions were fully briefed. Upon review of the motions and the supporting materials, which raise serious questions concerning this court's jurisdiction over the individual defendants, it appeared that this matter might be

---

1. Defendants contend that NaTec was never located in Illinois, although it appears from the evidence submitted by plaintiff that NaTec was at one time a foreign (Utah) corporation qualified to do business in Illinois. There is no evidence that NaTec ever had its principal place of business in Illinois, and its certificate of authority was revoked by the Illinois Secretary of State in 1990, years before the acts complained of in the instant case.

holders of NaTec with worthless stock certificates.

## DISCUSSION

28 U.S.C. § 1404(a) provides in relevant part: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ Pursuant to Section 1404(a), a court may transfer a civil action to another district when: (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Symons Corp. v. Southern Forming and Supply, Inc.*, 954 F.Supp. 184, 186 (N.D.Ill.1997). The weight to be accorded each of these factors is left to the sole discretion of the court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986).

■ In determining whether to transfer venue, the court seeks to promote the efficient administration of justice, not merely the private interests of the parties. *Black v. Mitsubishi Motors Credit of America, Inc.*, 1994 WL 424112 at *2 (N.D.Ill.1994). Accordingly, venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff. *Id.*

■ In evaluating the convenience and fairness of transfer under Section 1404(a), a court should consider both the private interests of the parties and the public interests of the court. The private interests that may warrant the transfer of venue include: plaintiff's initial choice of forum; the relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of witnesses; the situs of material events; and convenience of the parties, specifically their respective residencies and abilities to bear the expense of trial in a particular forum. *Symons*, 954 F.Supp. at 186.

■ The public interest factors that are relevant under a Section 1404 analysis include: (a) the relation of the community to the occurrence at issue in the litigation and the desirability of resolving controversies in their locale; (b) the court's familiarity with applicable law; and (c) the congestion of respective court dockets and the prospect for earlier trial. *Id.*

■ While plaintiff argues that his choice of forum should be afforded substantial deference, it is "simply one factor among many to be considered." *Club Assistance Program, Inc. v. Zukerman*, 598 F.Supp. 734, 736 (N.D.Ill.1984). Moreover, because plaintiff alleges a class action, plaintiff's home forum is irrelevant. *See Genden v. Merrill Lynch Pierce Fenner & Smith*, 621 F.Supp. 780, 782 (N.D.Ill.1985) (the location of the main class representative is not relevant to a Section 1404(a) determination); see also *Polin v. Conductron Corp.*, 340 F.Supp. 602, 604 (E.D.Pa.1972) (transfer ordered from Pennsylvania to the Eastern District of Missouri in a class and derivative action suit where the two merging defendant corporations had their headquarters in Missouri, seven of the fourteen individual defendants lived in the St. Louis area, most of the alleged acts occurred in St. Louis, over two-thirds of non-party witnesses lived in the St. Louis area, and plaintiff was the only party living in the Eastern District of Pennsylvania); *Helfant v. Louisiana & Southern Life Insurance Co.*, 82 F.R.D. 53 (D.C.N.Y.1979) (stockholder class action suit transferred from New York to Florida where it was more convenient to the business of the defendants, the parties were concentrated in the Florida area, and the plaintiff was not in a position to testify to the substance of the transaction at issue).

■ In the instant case, plaintiff resides in Illinois and asserts that 1900 class members also reside in Illinois. The complaint alleges that there are over 5,670 class members, however, and plaintiff has given no indication as to the location or residence of the over 3770 remaining class members residing outside of Illinois, other than to allege that all class members "reside in Illinois, Utah and Texas among various other states." Thus, while a large number of class members allegedly reside in Illinois, there is nothing in the record that shows the remaining class members are not more conveniently located to the

court in Houston than Chicago. Certainly, Houston is more convenient for the corporate and most of the individual defendants.

The remaining private interest factors weigh heavily in favor of transferring this case to the district court in Houston. Clearly, the majority of the relevant documentary evidence will be located in Houston, the majority of potential witnesses are in or around Houston, and two of the three individual defendants are residents of Texas. Plaintiff argues that the situs of material events occurred in Illinois because the Illinois class members suffered economic damage in Illinois. The material events in question, however, are the actions the defendants took that allegedly caused the economic damage, and those actions are alleged to have occurred in Houston. Indeed, the complaint alleges that NaTec, whose assets were "plundered" by the other defendants, had its principal place of business in Houston "at relevant times herein," and NaTec has not been qualified to do business in Illinois since 1990. Accordingly, the court concludes that the situs of material events is Houston, not Illinois.

Finally, as even plaintiff admits, the discovery in this case will focus primarily on defendants. All but one of those defendants are located in Houston, and it is likely that most, if not all, of the documentary evidence will be located in Houston. It is obvious to this court that the costs to plaintiff and his counsel to travel to Texas or Utah (where plaintiff argues depositions will be conducted) to conduct discovery would be substantial regardless of whether the court hearing the case is in Illinois or Texas.

With respect to the public interest, plaintiff argues that Illinois' relationship to this litigation is extraordinarily strong. His support for this argument is again based on the fact that 1,900 Illinois residents are potential class members. This court concludes, however, that the administration of justice will be served more efficiently if the case is litigated before a court that is "closer to the action." *Paul v. Land's End, Inc.*, 742 F.Supp. 512, 514 (N.D.Ill.1990). In the instant case, the allegations focus on defendants' actions in Houston. Moreover, as noted above, there is a potential personal jurisdictional problem in this court with respect to the individual defendants, who may be indispensable parties. No matter how this court were to decide that question, the issue would remain with the case through trial and appeal. The issue is resolved, however, by transfer to texas, where all potentially indispensable parties are subject to the court's jurisdiction. Section 1404(a) is designed to prevent waste of time, energy, and money, as well as to protect litigants, witnesses, and the public against inconvenience and expense. *Van Gelder v. Taylor*, 621 F.Supp. 613, 618 (N.D.Ill.1985). Transfer to Texas will promote all of those goals. Additionally, because both parties appear to believe that Utah law applies substantively to this case, familiarity with the law is not relevant. The district court in Texas is equally as capable of applying Utah law as is this court.

Finally, defendant argues that this court should dismiss for lack of personal jurisdiction rather than transfer the case to the district court in Houston. It is clearly settled, however, that when transferring the action under Section 1404(a), the transferor court is not first required to establish personal jurisdiction. See *The Coats Company, Inc. v. Vulcan Equipment Company, Limited*, 459 F.Supp. 654 (N.D.Ill.1978). Transfer, rather than dismissal, is the proper remedy if the convenience of the parties and witnesses and the interest of justice describe a more appropriate forum elsewhere. *Van Gelder*, 621 F.Supp. at 618.

Accordingly, after weighing all the relevant factors, the court concludes that it is in the overall interest of justice to transfer this case to the district court in the Southern District of Texas, in Houston, Texas.

## CONCLUSION

For the reasons set forth above, this matter is transferred to the district court in the Southern District of Texas, Houston, Texas.