**KALAMAZOO REALTY VENTURE LIMITED PARTNERSHIP, an Illinois limited partnership, as successor to Seymour N. Logan Associates, an Illinois general partnership, Plaintiff,**

v.

**BLOCKBUSTER ENTERTAINMENT CORPORATION, a Delaware corporation; Blockbuster, Inc., a Delaware corporation; and Viacom, Inc., a Delaware corporation, Defendants.**

No. 99 C 7266.

United States District Court, N.D. Illinois, Eastern Division.

July 6, 2000.

Steven A. Weiss, Bradley Paul Nelson, Robert John Palmersheim, Schopf & Weiss, Chicago, IL, for plaintiff.

James A. Cherney, Elizabeth Opper Kraemer, Latham & Watkins, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Kalamazoo Realty Venture Limited Partnership has filed a one-count complaint against defendants Blockbuster Entertainment Corp. ("Blockbuster") and Viacom, Inc., alleging breach of a guaranty. Defendants have filed a motion to dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), or in the alternative, a motion to transfer the instant case to the District of Delaware under 28 U.S.C. § 1404(a).

## FACTS

On January 11, 1994, plaintiff's predecessor-in-interest, Seymour N. Logan Associates ("Logan"), leased a store located in Portage, Michigan to Discovery Zone Children's Amusement Corp. ("Discovery Zone").[1] Blockbuster guarantied all obligations assumed by Discovery Zone under the lease. The initial term of the lease was from January 19, 1994, through January 31, 1999, and the lease gave Discovery Zone the option of renewing for two additional five-year terms.

Plaintiff alleges (and presents evidence[2]) that, in a letter dated July 31, 1998, Discovery Zone renewed the lease for a term of five years, thus extending the lease through January 31, 2004. Plaintiff contends that beginning on April 1, 1999, Discovery Zone defaulted on the lease by failing to pay rent and other charges due from that date forward. Plaintiff contends that under the guaranty, defendants are liable for Discovery Zone's failure to pay rent, real estate taxes, and utility charges.

Defendants dispute plaintiff's allegations. Defendants present evidence that Discovery Zone first filed for relief under Chapter 11 of the Bankruptcy Code on March 25, 1996, long before the initial lease term's expiration date. According to defendants, during Discovery Zone's initial bankruptcy case, which was conducted in the United States Bankruptcy Court for the District of Delaware ("the bankruptcy court"), Discovery Zone assumed the lease and assigned its tenancy interest in the lease to defendants. Defendants, in turn, subleased the premises back to Discovery Zone through the end of the existing term of the lease. Defendants contend that the assignment and sublease were effectuated on July 28, 1997, when the bankruptcy court's Confirmation Order, confirming Discovery Zone's plan of reorganization, became final. Defendants argue that as of July 28, 1997, Discovery Zone ceased to be the tenant under the lease, and that therefore Discovery Zone's purported July 31, 1998, renewal of the lease for a second five-year term was ineffective and should be disregarded. If defendants' argument is correct, the guaranty has not been breached.

Around April 20, 1999, Discovery Zone filed a second bankruptcy proceeding in the Delaware federal district court ("the Delaware district court").[3] That case is still pending. Plaintiff contends that as part of this proceeding, Discovery Zone rejected the lease effective July 2, 1999. Defendants argue that because Discovery Zone had assigned the lease to defendants several years earlier, the prime tenancy interest in the lease could not have become part of Discovery Zone's bankruptcy estate in the later proceedings.

## DISCUSSION

### I. Motion to Dismiss for Lack of Jurisdiction

Plaintiff alleges that this court has diversity jurisdiction over the instant

---

1. In 1995, plaintiff succeeded to all of Logan's rights, title, and interest under the lease.

2. As explained below, the court may consider evidence in deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1).

3. The pleadings indicate that Discovery Zone's second bankruptcy case is pending before Chief District Judge Joseph J. Farnan, rather than before the Delaware Bankruptcy Court.

lawsuit pursuant to 28 U.S.C. § 1332. Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), arguing that the court does not have subject matter jurisdiction over the instant case. Under Rule 12(b)(1), a court must dismiss any action for which it lacks subject matter jurisdiction. Rule 12(b)(1) motions are premised on either facial or factual attacks on jurisdiction. *Villasenor v. Industrial Wire & Cable, Inc.*, 929 F.Supp. 310, 311 (N.D.Ill. 1996). If a defendant makes a factual attack on the plaintiff's assertion of subject matter jurisdiction, it is proper for the court to look beyond the jurisdictional allegations in the complaint, and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.1993). To withstand such a motion, plaintiff must put forth "competent proof" that the court has subject matter jurisdiction. *NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir.1995).

## A. The Delaware District Court's Jurisdiction

■ As an initial matter, defendants argue that under 28 U.S.C. § 1334(e), the Delaware federal district court where Discovery Zone's second bankruptcy case is pending has exclusive jurisdiction over the instant case. Section 1334(e) provides: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." Defendants contend that if the lease was part of Discovery Zone's bankruptcy estate at the inception of the second bankruptcy case, the Delaware district court has exclusive jurisdiction over questions involving the lease.

Defendants cannot have it both ways. Throughout their motion, defendants assert that Discovery Zone assigned the lease to them during its first bankruptcy case, and thus explicitly dispute that the lease ever became part of Discovery Zone's second bankruptcy estate. Defendants presumably intend to pursue this argument (their self-proclaimed defense) in later proceedings as well. Moreover, although plaintiff purports to present evidence that Discovery Zone rejected the lease in its second bankruptcy case, plaintiff does not attach to the relevant court document the exhibit that describes the particular leases Discovery Zone was rejecting. The court therefore cannot determine, at this stage, whether Discovery Zone indeed rejected the lease at issue in the instant case during its second bankruptcy.

■ Defendants also argue that the Delaware district court has jurisdiction over the instant case because it is "related to" Discovery Zone's current Delaware bankruptcy proceedings. "The bankruptcy courts also may hear noncore proceedings that are 'related to' a case under title 11." *Barnett*, 909 F.2d at 979. The "related to" clause confers on bankruptcy courts federal jurisdiction over certain matters over which they would not otherwise have jurisdiction. The pending bankruptcy proceedings are not before a bankruptcy court, however, but are instead before a federal district court. Federal jurisdiction in the instant case rests on diversity of parties. The Delaware district court would have jurisdiction over the instant case to the same extent as this court, regardless of whether the instant case is "related to" the ongoing Delaware proceedings.

Defendants also contend that this litigation will have a direct and definite effect on Discovery Zone's pending bankruptcy case because if plaintiff wins the instant case, defendants will file mature claims for indemnification. Again, because this argument is generally used to establish that a bankruptcy court has federal jurisdiction over a given matter, it does not apply when a bankruptcy case is being heard by a federal district court, which necessarily has federal jurisdiction over a case be-

tween diverse parties. Even if Discovery Zone's pending case were before a bankruptcy court, however, the court would reject defendants' argument that its potential indemnification claims confer "related to" jurisdiction.

■ Although the Seventh Circuit has not ruled directly on this issue, the majority of bankruptcy and district courts in the Northern District of Illinois have held that a potential indemnity claim against the debtor does not necessarily impact estate property, and therefore does not presumptively confer on the bankruptcy court "related to" jurisdiction over an otherwise unrelated matter. In *In re Salem Mills, Inc.*, 148 B.R. 505, 508–09 (Bkrtcy.N.D.Ill. 1992), Judge Sonderby rejected the holding in *Apex Invest. Assoc. v. TJX Cos.*, 121 B.R. 522 (N.D.Ill.1990), that "an action among non-debtor parties involving an indemnity agreement against the debtor is per se related to the underlying bankruptcy case." *Id.* at 508 (citing *Apex* ). Judge Sonderby concluded that to follow *Apex* would be to modify the Seventh Circuit's definition of a "related to" proceeding, and would ultimately "undermine the limited jurisdiction Congress intended bankruptcy courts to exercise over actions neither created by nor determined under Title 11." *Id.* at 509.[4] Most courts that have examined this issue concur with the holding in *Salem Mills. See, e.g., In re Fry*, 1997 WL 666152, at *5 (Bankr.N.D.Ill. Oct.28, 1997) (following *Salem Mills* ); *In re Schwinn*, 210 B.R. at 756 (same); *In re First Metropolitan Financial Corp.*, 1993 WL 22173, at *4 (N.D.Ill. Jan. 29, 1993) (following *Salem Mills* and rejecting

*Apex* ); *River Oaks*, 1993 WL 147409, at *3 (same).

In sum, the Delaware district court does not have exclusive jurisdiction over the instant case under § 1334(e). Because that court would certainly be able to exercise federal jurisdiction over the instant case, whether this case is "related to" the pending bankruptcy case is irrelevant.

## B. The Delaware Bankruptcy Court's Jurisdiction

■ Defendants also argue that this court lacks jurisdiction over plaintiff's complaint because the bankruptcy court that decided Discovery Zone's first bankruptcy case has jurisdiction, and possibly exclusive jurisdiction, over the instant lawsuit. Under 28 U.S.C. § 1334, a bankruptcy court may hear two types of proceedings if properly referred by the district court: core proceedings and related proceedings. "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 979 (7th Cir.1990).

■ "Bankruptcy courts may 'hear and determine ... all core proceedings arising under title 11, or arising in a case under title 11.' " *Id.* (citing 28 U.S.C. § 157(b)(1)). The instant case does not confer either "arising under" or "arising in" jurisdiction on the bankruptcy court. "A suit 'arises under' title 11 only when it involves a cause of action created or determined by a statutory provision of title 11." *River Oaks Ltd. Partnership v. Things Remembered, Inc.*, 1993 WL 147409

**4.** Defendants are correct that *Salem Mills* held that the filing of a proof of claim might confer "related to" jurisdiction: "Once the claim is filed, the bankruptcy court can contingently value that claim and at that time learn the true impact the third-party proceeding may have upon the allocation of assets among creditors, if any." *Id.* at 509. Defendants' mere contention that they intend to file a proof of claim and possibly name Discovery Zone as a third-party defendant, however, is

not enough to turn potential impact on the debtor's estate into actual impact, and is therefore not enough to confer "related to" jurisdiction. *See, e.g., In re Spaulding & Co.*, 131 B.R. 84, 89 (N.D.Ill.1990) ( "[G]iven that [the party seeking indemnification] has not yet filed a proof of claim in [the debtor's] bankruptcy case, at this time this court's 'relating to' jurisdiction fails to support [the] third-party claim.").

(N.D.Ill. May 3, 1993). The instant case involves a cause of action created by state law. A court has "arising in" jurisdiction over "questions that arise during the bankruptcy proceeding and concern the administration of the bankrupt estate, such as whether to discharge a debtor." *Zerand–Bernal Group, Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir.1994). The instant case clearly did not arise during the bankruptcy proceeding. Accordingly, there is no bankruptcy jurisdiction based on the "arising under" or "arising in" provisions of the statute.

▮ Defendants also argue that the bankruptcy court has exclusive jurisdiction over the instant lawsuit because, at the conclusion of Discovery Zone's first bankruptcy case, that court explicitly retained "exclusive jurisdiction over all matters arising out of or relating to the [Discovery Zone bankruptcy case]" in its Plan of Reorganization and retained jurisdiction over Discovery Zone, the Viacom Entities, and various landlords (including plaintiff in the instant case) "to implement and effectuate the provisions of . . . [the Assignment] Order." Defendants argue that because the bankruptcy court retained exclusive jurisdiction over certain matters, this court does not have jurisdiction over the instant lawsuit. Defendants contend that in *AMI International, Inc. v. Datacard Corp.*, 106 F.3d 1342 (7th Cir.1997) ("*AMI*"), the Seventh Circuit found that a Delaware bankruptcy court had validly retained exclusive jurisdiction over a matter in dispute and deferred to the bankruptcy court. Yet in *AMI*, the Seventh Circuit stated that the bankruptcy court had retained jurisdiction over an issue specifically sounding in bankruptcy—objections to the allowance of claims—and that the bankruptcy court "remained the sole authority on *bankruptcy issues such as the allowance of claims.*" *Id.* at 1352 (emphasis added). In contrast, the guaranty in the instant case is not a bankruptcy matter.

▮ "A reorganization court frequently will insert a clause in a plan that reserves jurisdiction to protect the confirmation decree." *Sanders v. Brady*, 936 F.2d 212, 219 n. 2 (5th Cir.1991). However, it is well settled that, "a Plan may not delegate unlimited authority to a bankruptcy judge, and that provision is meaningful only to the extent that core jurisdiction is otherwise found." *Spiers Graff Spiers v. Menako (In re Spiers Graff Spiers)*, 190 B.R. 1001, 1008 (Bankr.N.D.Ill. 1996). Moreover, when a bankruptcy court retains jurisdiction over a certain dispute, it does not divest any other court of concurrent jurisdiction. *See, e.g., Brady*, 936 F.2d at 219 ("At most, this provision enabled the bankruptcy court to adjudicate the dispute between the City and the appellants even though the debtor's plan was already confirmed; it did not divest the state court of its concurrent jurisdiction to resolve that dispute."). Accordingly, the bankruptcy court's retention of jurisdiction over various parties and over all matters arising out of or related to Discovery Zone's bankruptcy case does not divest this court of jurisdiction to resolve disputes that involve those parties, especially suits that arise under state law. In short, "[defendants'] principle argument is that once a bankruptcy court acquires jurisdiction of a dispute, the power to decide lasts forever." *Elscint, Inc. v. First Wisconsin Financial Corp. (In re Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir.1987). Like the Seventh Circuit in *Xonics*, the court rejects this argument.

▮ Defendants further insist that the bankruptcy court has jurisdiction over the instant case because a bankruptcy court has jurisdiction to interpret and enforce its own prior orders. "[T]he jurisdictional authority of a bankruptcy judge is sharply reduced following confirmation." *In re Schwinn Bicycle Co.*, 210 B.R. 747, 754 (Bankr.N.D.Ill.1997) (citing *Pettibone Corp. v. Easley*, 935 F.2d 120 (7th Cir. 1991)). Nevertheless, "[w]hether emanating from the general power of courts to enforce their decrees . . . or from specific bankruptcy code sections . . . there exists

a residue, albeit limited, of court authority over a confirmed plan chapter 11 case." *In re Kewanee Boiler Corp.,* 198 B.R. 519, 525 (Bankr.N.D.Ill.1996) (internal citations omitted). Consequently, "[a] bankruptcy judge has jurisdiction to interpret, apply, and enforce a plan confirmed under its jurisdiction." *Id.* "Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner." *In re Franklin,* 802 F.2d 324, 326 (9th Cir.1986).

Bankruptcy courts usually invoke this narrow post-confirmation jurisdiction to "ensure that reorganization plans are implemented ... and to protect estate assets devoted to implement the confirmed Plan." *In re Schwinn,* 210 B.R. at 754–55; *see also In re Spiers Graff Spiers,* 190 B.R. at 1007 (collecting cases). Neither party in the instant case contends that Discovery Zone's reorganization plan has been violated. In addition, plaintiff has not brought the instant case seeking an interpretation of the bankruptcy court's order. Rather, plaintiff is seeking relief under state law against guarantors of the debtor. Plaintiff alleges that defendants breached the guaranty, while defendants contend that they did not breach. The central issue in the instant case therefore depends on the application of state law. Defendants have invoked the bankruptcy court's Assignment Order as a defense to plaintiff's allegation: Defendants contend that they did not breach the guaranty because the lease was assigned to an entity other than Discovery Zone, and therefore was not Discovery Zone's to renew or to breach. In response to defendants' defense, plaintiff contends that it is not bound by the assignment of the lease because it had no notice of this assignment, and that therefore Discovery Zone's renewal of the lease was effective and its failure to pay rent constituted a breach. Defendants contend that plaintiff thus challenges the validity of the Assignment Order, and that this court

must surrender the case to the bankruptcy court to interpret its own order.

Plaintiff is not necessarily challenging the validity of the Assignment Order, however. Plaintiff is simply contending that Discovery Zone never actually assigned the lease to any Viacom Entity, as the Assignment Order authorized it to do. Plaintiff contends that it never received any proof that Discovery Zone had actually assigned the lease to a "Viacom Entity," and was never notified about which specific Viacom Entity the lease was assigned to, if it was assigned at all. Given plaintiff's theory, the dispute over whether Discovery Zone validly assigned the lease to defendants, and whether Discovery Zone's July 31, 1998, renewal of the lease was effective, are state law issues that can be determined by a federal court sitting in diversity.

■ Defendants contend, however, that the assignment was effectuated on or about July 28, 1997, the date the confirmation order in Discovery Zone's first bankruptcy proceeding became a final order. If defendants are correct, the resolution of the instant case may ultimately require a clarification of the Assignment Order. In that event, the parties may ask this court to stay the instant case while they bring that collateral issue before the bankruptcy court. The mere fact that the parties may require the bankruptcy court to interpret its own order during the course of the instant case does not, however, grant the bankruptcy court jurisdiction over the instant lawsuit alleging breach of a guaranty. The effect of the Assignment Order is just one defense that defendants may raise to plaintiff's allegation that they breached the guaranty; if defendants were to raise more traditional state law defenses in the future, those defenses would properly be raised before this court, not before a bankruptcy court.

Allowing that a bankruptcy court has jurisdiction to interpret its own orders is very different from endowing the bankruptcy court with jurisdiction over a state

law cause of action, as defendants ask the court to do. The Seventh Circuit rejected a similar contention in *Xonics*. In that case, one creditor argued that the bankruptcy court's continuing power to interpret its own orders gave it jurisdiction over a state law contract dispute that arose between two creditors. *Xonics*, 813 F.2d at 130. The court essentially held that the bankruptcy court's order, standing alone, did not provide a basis for federal jurisdiction over the state law issue. *See id.; see also In re Schwinn*, 210 B.R. 747, 756 (discussing *Xonics* ). Similarly, the Seventh Circuit observed in *Pettibone* that *"Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), holds that Article III of the Constitution bars bankruptcy judges who lack life tenure from deciding tort claims founded on state law." *Pettibone*, 935 F.2d at 123. "When such state law issues predominate, bankruptcy court jurisdiction is doubtful." *In re Schwinn*, 210 B.R. at 756 (determining that there was no bankruptcy court jurisdiction over matters of state successor liability raised by the party that had purchased the debtor's assets pursuant to an assignment, even though there was a slim chance that the outcome of the action might affect the debtor's estate) (citing *Zerand–Bernal*, 23 F.3d at 162.). These precedents demonstrate not only that *exclusive* bankruptcy jurisdiction is lacking in the instant case, but that there may not be bankruptcy jurisdiction over the instant case at all.

In conclusion, neither the Delaware district court nor the bankruptcy court has exclusive jurisdiction over the instant case. Section 1334(e) does not confer exclusive jurisdiction on the Delaware district court, because there is no evidence that the lease was part of Discovery Zone's estate at the beginning of its second bankruptcy proceeding. The fact that the bankruptcy court retained exclusive jurisdiction over matters relating to and parties connected with Discovery Zone's first bankruptcy case does not grant it exclusive jurisdiction

over the instant case, which involves a state law issue, not a bankruptcy issue. Defendants' motion to dismiss for lack of jurisdiction is therefore denied.

## II. Motion to Dismiss for Improper Venue

■ Defendants argue that plaintiff should have brought the instant case in the Delaware district court. Under 28 U.S.C. § 1409, "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." This statute is not an exclusive venue provision. Accordingly, the court rejects defendants' argument that plaintiff's case should be dismissed for improper venue.

## III. Motion to Transfer Venue

■ In the alternative, defendants ask this court to transfer venue to the Delaware district court under 28 U.S.C. § 1404(a). A transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party demonstrates: (1) venue is proper in both transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Defendants, as the moving parties, must show that the "transferee forum is clearly more convenient" than the transferor forum. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir.1989) (citing *Coffey*, 796 F.2d at 219–20). Moreover, defendants must show that a transfer will promote the efficient administration of justice; they may not simply shift the inconvenience from one party to another. *See Black v. Mitsubishi Motors Credit of America, Inc.*, 1994 WL 424112, at * 2 (N.D.Ill. Aug.10, 1994).

■ Venue is proper in this court. Venue is also proper in the requested transferee district pursuant to 28 U.S.C. § 1391(a)(1), because defendants are incorporated in Delaware. The only issue,

therefore, is whether transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. In evaluating the convenience and fairness of a transfer of venue, the court must consider the relevant private and public interests. The private interests include: (1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigating in a particular forum; (4) the ease of access to sources of proof; and (5) the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses. *Georgouses v. NaTec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D.Ill.1997).

 A plaintiff's choice of forum is entitled to substantial weight, particularly when it is also the plaintiff's home forum. *See Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D.Ill.1995). The plaintiff's choice of forum, however, is not conclusive. When "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, 'the plaintiff's preference has minimal value,' " even if it is its home forum. *Dunn v. Soo Line R. Co.*, 864 F.Supp. 64, 65 (N.D.Ill.1994); *see also Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F.Supp. 185, 188 (N.D.Ill.1995) ("[T]he weight given to plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim."). Thus, the court must consider the situs of material events to determine how much weight to assign plaintiff's choice of forum.

 Defendants guarantied the lease for property located in Michigan, and the lease and the guaranty are both governed by Michigan law. The lease was entered into in Illinois, Discovery Zone sent its rent payments to plaintiff in Illinois, and Discovery Zone administered the lease through its Illinois office until January 1996. It is undisputed, however, that Dis-

covery Zone rejected the lease in Delaware. The timing of Discovery Zone's rejection of the lease is the central question in the instant lawsuit. Under defendants' theory, Discovery Zone rejected the lease during the initial bankruptcy proceedings held in Delaware. Defendants assert that the Assignment Order executed in Delaware confirms their theory. Under plaintiff's theory, Discovery Zone rejected the lease during the second bankruptcy proceeding, which is currently underway in Delaware. Accordingly, plaintiff's choice of forum has relatively weak connections to the operative facts, and is not entitled to substantial weight in the § 1404(a) transfer analysis. In light of the foregoing discussion, the situs of material events favors defendants.

The convenience to the parties also favors transfer to Delaware. Defendants will have to assert claims against Discovery Zone in the ongoing bankruptcy proceedings pending before District Judge Joseph J. Farnan in the Delaware district court. Plaintiff has appeared in those bankruptcy proceedings as a creditor of Discovery Zone and has employed various law firms in connection with those proceedings. Moreover, plaintiff will have to file a proof of claim in Discovery Zone's current bankruptcy case. Plaintiff thus will not be overly burdened by litigating this lawsuit in that same Delaware court.

Although each side argues that the court in its chosen forum will have easier access to sources of proof (factor four), as this court explained in *Household Financial Servs., Inc. v. Northern Trade Mortgage Co.*, 1999 WL 782072, *6 (N.D.Ill. Sept.27, 1999), documents and records are easily transportable. *See id.; see also Law Bulletin Publishing, Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1018 (N.D.Ill.1998) ("The court is satisfied ... that either party can easily bring to the district in which the case is litigated those documents that are not there already."); *Arena Football League, Inc. v. Roemer*, 947 F.Supp. 337, 341 (N.D.Ill.1996) ("Defendants have

not demonstrated that they cannot bring the critical documents to this district."). To the degree that various documents that are necessary for the resolution . of the instant case are already part of the record in Discovery Zone's bankruptcy case in the Delaware district court, this element weighs in defendants' favor.

The fifth factor, convenience of third party witnesses, "is often viewed as the most important factor in the transfer analysis." Plaintiff does not identify which witnesses it plans to call. Defendants, for their part, note that Discovery Zone, along with its employees and agents, will be key third party witnesses in the instant case. Specifically, defendants assert that the Delaware-based lawyers who drafted the Assignment Order and related documents on behalf of Discovery Zone will be necessary witnesses. Defendants also assert that Robert G. Rooney ("Rooney"), the Discovery Zone officer who purportedly renewed the lease, is a necessary witness. Defendants assert that Rooney is subject to the jurisdiction of the Delaware district court because he signed Discovery Zone's current bankruptcy petition, which is before that court. Accordingly, the convenience of witnesses favors defendants. In the aggregate, therefore, the private interest factors weigh in defendants' favor.

■■■ "In addition to the private interest factors, the court must also consider the following public interest factors that may warrant transfer: (1) the relation of the communities to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects for earlier trial." *Boyd v. Snyder*, 44 F.Supp.2d 966, 973 (N.D.Ill. 1999).

In the instant case, the overall interests of justice favor transfer to Delaware. Neither party argues that either the transferor or the transferee court is more familiar with Michigan law, and the parties agree that the time in which the two courts typically resolve cases is inconclusive. Transfer to Delaware, however, will better serve the efficient administration of justice. Although "Illinois courts have a strong interest in hearing breach-of-contract cases involving Illinois residents," *Brandon Apparel Group, Inc. v. Quitman Manufacturing Co.*, 42 F.Supp.2d 821, 835 (N.D.Ill.1999), the locus of Discovery Zone's past and pending bankruptcy cases gives the Delaware community a strong interest in resolving the instant litigation.

Significantly, deciding this case in Illinois would be an enormous waste of judicial resources and would lead to much duplication of effort. These same parties are currently before the Delaware district court. In resolving Discovery Zone's bankruptcy petition, that court may well have to address the issue of when, exactly, Discovery Zone relinquished the lease. The answer to that question will determine whether defendants have breached the guaranty and may thus help resolve the instant case. In addition, as discussed above, the parties may need to secure from the Delaware bankruptcy court clarification of the Assignment Order in Discovery Zone's first bankruptcy case. Because both the private interest nor the public interest factors favor transferring the instant case to Delaware, defendants' motion to transfer venue is granted.

## CONCLUSION

Defendants' motion to dismiss for lack of jurisdiction or improper venue is denied. Defendants' motion to transfer venue is granted. The instant case is transferred to the District of Delaware.